O

JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 471866

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>PILOT AIR FREIGHT CORP. doing business as PILOT FREIGHT SERVICES; NIEVES TRANSPORTATION, INC.; TRANS-PRO LOGISTICS, INC.; ARMANDO MENDEZ PONCE dba JEEP TRUCKING; GHULAM OMAR, an individual dba METRO USED CARS,<br><br>          Defendants.<br>_____ | Case No. CV 11-10190 DDP (RZx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>[Docket Nos. 8, 20] |

     Presently before the court are Plaintiff AGCS Marine Insurance Company's Motion to Remand and Defendant Trans-Pro Logistics, Inc.'s Motion to Partially Dismiss Complaint ("Motion to Dismiss"). Having reviewed the parties' moving papers, the court grants the Motion to Remand, denies the Motion to Dismiss as moot, and adopts the following Order.

///

**I.   BACKGROUND**

Plaintiff AGCS Marine Insurance Company ("Plaintiff") filed suit against Defendants in Los Angeles County Superior Court on October 19, 2011. On December 8, 2011, Defendant Trans-Pro Logistics, Inc. ("Trans-Pro") removed the action to this court. Trans-Pro, however, did not obtain consent to removal from Defendants Pilot Air Freight Corp., dba Pilot Freight Services ("Pilot") or Ghulam Omar, an individual dba Metro Used Cars ("Omar"). In its Notice of Removal, Trans-Pro explained that it did not obtain consent from Pilot, because Plaintiff had filed a "Notice of Impending Partial Settlement" with the state court. Trans-Pro also alleged that it was unable to contact Omar, despite "reasonable efforts to do so." (Notice of Removal ¶¶ 1, 5 & Ex. B ¶¶ 5, 7.) Since the removal, Omar has answered the complaint in state court but also consented to removal, and Plaintiff has dismissed Pilot from the action. (Decl. of Dennis Cammarano in Supp. of Mot. to Remand ¶¶ 7-8; Decl. of Hillary Arrow Booth in Supp. of Trans-Pro's Opp'n to Mot. ¶ 3.) Plaintiff now argues that Trans-Pro's removal was improper, since Omar and Pilot had not consented to removal at the time.

**II.  DISCUSSION**

Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is governed by substantive and procedural requirements, and remand may be ordered for lack of jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c). Among other requirements, all properly served and joined defendants - with the exception of nominal or unknown parties - must join or

consent to the notice of removal.  <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  The removing party has the burden to "explain affirmatively the absence of any co-defendants in the notice for removal."  <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>, 167 F.3d 1261, 1266 (9th Cir. 1999), <u>superseded by statute on other grounds as stated in</u> <u>Abrego Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 681 (9th Cir. 2006).  Generally, there is a strong presumption in favor of remand.  <u>See</u> <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 403-04 (9th Cir. 1996).  However, "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).

Here, there is no dispute that Plaintiff timely filed its Motion to Remand within thirty days of the Notice of Removal.  Nor does Trans-Pro contend that Omar or Pilot were improperly served or joined.  Trans-Pro argues, however, that removal was proper because: 1) Pilot was only a nominal defendant, given the Notice of Impending Partial Settlement; and 2) Trans-Pro met its burden to affirmatively explain the lack of consent by Omar, by describing its unsuccessful efforts to contact him.  Trans-Pro also contends that the lack of consent at the time of removal is now a "moot point," since Pilot is no longer a party to the case and Omar has recently consented to removal.

The court disagrees.  First, as to Pilot, the court finds persuasive the district court's decision in <u>Dennison v. Shell Oil Co.</u>, No. 07-802, 2007 WL 4390346 (S.D. Ill. Dec. 14, 2007).  In <u>Dennison</u>, the court concluded that "a settling defendant should not be deemed nominal for purposes of consent to removal until such

1 time as a finalized settlement has been reached and a stipulation
2 of dismissal or for entry of judgment has been filed with respect
3 to any claims against the settling defendant." Id. at *2.  As the
4 court explained, "[t]his view is consistent with the traditional
5 rule that the procedural requirements governing removal are
6 strictly construed in favor of remand." Id.  Here, Trans-Pro
7 explained its failure to obtain consent from Pilot on the basis of
8 a Notice of Impending Settlement, which stated that "Plaintiff is
9 in the process of settling with" Pilot.  Accordingly, with no final
10 settlement or dismissal, Pilot was not a nominal party, and Trans-
11 Pro improperly removed this action since it failed to obtain
12 Pilot's consent.  The ultimate dismissal of Pilot from the action,
13 more than thirty days after removal, does not cure the improper
14 removal See, e.g., Liqutom v. SunTrust Mortgage, No. C10-05431,
15 2011 WL 445655, at *4 (N.D. Cal. Feb. 4, 2011) (discussing untimely
16 consent); Walker v. Cal. Dep't of Corr., No. 2:09-cv-0569, 2010 WL
17 1006417, at *3 (E.D. Cal. Mar. 17, 2010) (same).
18     Finally, although the court need not address Trans-Pro's
19 failure to obtain timely consent to removal from Omar, the court
20 notes that this lack of consent, as well as Omar's answer to the
21 complaint in state court, also weigh in favor of remand.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**III. CONCLUSION**

    For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand, and remands the entire matter to state court. The court therefore also DENIES as moot Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: February 3, 2012

                                             DEAN D. PREGERSON
                                             United States District Judge